ARLENE GORDON-OLIVER & ASSOCIATES, PLLC
Proposed Attorneys for the Debtor
199 Main Street, Suite 203
White Plains, New York 10601
(914) 683-9750

Arlene Gordon-Oliver, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

                                                                 Chapter 11

Marlene Marshalleck                             Case No. 17-42418 (NHL)

                                    Debtor.

-------------------------------------------------------------------X

**AFFIRMATION OF ARLENE GORDON-OLIVER IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN ARLENE GORDON-OLIVER, PLLC AS ATTORNEYS FOR DEBTOR, NUNC PRO TUNC, AS OF THE DATE OF FILING**

ARLENE GORDON-OLIVER, affirms as follows:

1. I am an attorney duly admitted to practice before this Court and the principal of the law firm of Arlene Gordon-Oliver & Associates, PLLC ("AGOPLLC"), 199 Main Street, Suite 203, White Plains, New York 10601.

2. I submit this affidavit in support of the Debtor's Application to Employ and Retain AGOPLLC as Attorneys for the Debtor in connection with the above-captioned chapter 11 case, on the terms set forth in the accompanying Application.

3. Neither I, nor AGOPLLC has any connection with the Debtor, her creditors, or any other party in interest herein or their respective attorneys.

4. Neither I nor AGOPLLC is a pre-petition creditor of the Debtor.

5. Based upon all of the foregoing, I respectfully submit that AGOPLLC does not

hold nor represent any interest adverse to the Debtor herein or her estate.

6. AGOPLLC shall make proper application to the Court for compensation for the services rendered to the Debtor in this proceeding pursuant to Sections 330 and 331of the Code.

## DISINTERESTEDNESS

7. To the best of my knowledge, the law firm of AGOPLLC is a disinterested person within the meaning of 11 U.S.C. § 101(14) in that its members and associates (a) are not creditors, equity security holders or insiders of the Debtor, (b) are not and were not within two years before the Filing Date a director, officer or employee of the Debtor, (c) do not have an interest materially adverse to the interest of the estate, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

## DISCLOSURE PROCEDURES

8. In preparing this affidavit, I searched the following categories:

   a. Debtor and its affiliates

   b. Significant equity holders

   c. Current directors and officers

   d. Lenders and secured creditors

   e. Counterparties to leases

   f. Professionals

   g. Unsecured Creditors

9. Upon review of the list, it is apparent that other than AGOPLLC does not hold or represent any interest that is adverse to the Debtor's estate and AGOPLLC is a disinterested person.

10. AGOPLLC is not aware of any past or present relationship that would disqualify AGOPLLC from representing the Debtor.

## BILLING RATES

11. This firm's billing rates are as follows:

Arlene Gordon-Oliver          $485.00
Law Clerk/Paraprofessionals $150.00

12. AGOPLLC received a pre-petition retainer from the Debtor in the amount of $20,000 on account of filing fees and expenses. None of the pre-petition retainer was paid towards or on account of any antecedent debt owed to AGOPLLC by the Debtor within the 11 U.S.C.A. § 547 period. Furthermore, no payments other than the pre-petition retainer were received by AGOPLLC within the 11 U.S.C. § 547 period. Accordingly, Deponent submits that the pre-petition retainer received by AGOPLLC is not a preferential or otherwise avoidable payment and that neither Deponent nor AGOPLLC holds nor represents any adverse interest to the Debtor or her estate on matters in which Deponent seeks to be retained. A portion of the pre-petition retainer in the amount of $5,044.00 was applied to pre-petition services with an amount remaining of $14,956. The remaining amount shall be applied to post-petition services in the first interim fee application approved by the court, and is therefore not to be considered an "evergreen retainer" as such term is more commonly known.

13. AGOPLLC has agreed not to share compensation in connection with the Debtor's Chapter 11 Case with any other entity, except as permitted under the Bankruptcy Code.

**WHEREFORE**, your Deponent respectfully requests the entry of the pre-fixed order, together with such other and further relief as is proper.

Dated: June 30, 2016
      White Plains, New York

                                  By /s/ Arlene Gordon-Oliver
                                         Arlene Gordon-Oliver