UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                    Chapter 11

Marlene Marshalleck                           Case No. 17-42418-nhl
*aka* Marlene A. Marshalleck
*aka* Marlene E. Marshalleck,

                             Debtor.
------------------------------------------------------------X

## ORDER AUTHORIZING RETENTION OF DAHIYA LAW OFFICES, LLC
## AS BANKRUPTCY COUNSEL TO THE DEBTOR

Upon the application (the "Application") of Marlene Marshalleck, the debtor and debtor in possession (the "Debtor"), for authority pursuant to § 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") to retain and substitute DAHIYA LAW OFFICES, LLC ("DLO") as bankruptcy counsel to the Debtor, and the Affirmation of Karamvir Dahiya, principal of DLO dated November 2, 2017; and it appearing that Karamvir Dahiya is an attorney duly admitted to practice in this Court, and the Court being satisfied that DLO represents no interest adverse to the Debtor or to the estate in the matters upon which DLO is to be engaged and that its employment is necessary and in the best interests of the estate; it is hereby

**ORDERED**, that the Debtor be, and hereby is, authorized to retain DLO as bankruptcy counsel to represent the Debtor in the above-captioned case under chapter 11 of the Bankruptcy Code, *nunc pro tunc* to October 25, 2017; and it is further

**ORDERED**, that all compensation and reimbursement of expenses to DLO for services rendered to the Debtor shall only be made pursuant to further Order of this Court upon application pursuant to 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, and the Local Rules of this Court; and it is further

**ORDERED**, that prior to any increases in DLO's rates for any individual employed by DLO and providing services in this case, DLO shall file a supplemental affidavit with the Court and provide ten business days' prior notice to the Debtor, the U.S. Trustee, and any parties in interest that have filed a notice of appearance and request for notices. The supplemental affidavit shall explain the basis for the rate increases in accordance with § 330(a)(3)(F) of the Bankruptcy Code. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code.

No Objection:

Office of the United States Trustee

By: */s/ Marylou Martin*  11/30/17



Dated: December 3, 2017
Brooklyn, New York

**Nancy Hershey Lord**
**United States Bankruptcy Judge**