**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Fifth Floor
New York, New York 10011
Tel: (646) 966-4770
Fax: (917) 677-5419

*Attorneys for 231 Bainbridge LLC*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MARLENE MARSHALLECK<br>AKA MARLENE A. MARSHALLECK<br>AKA MARLENE E. MARSHALLECK,<br><br>*Debtor*. | Chapter 11<br><br>Case No. 17-42418 (NHL) |

**OBJECTIONS OF 231 BAINBRIDGE LLC TO DEBTOR'S
(1) *NUNC PRO TUNC* MOTION TO EXTEND EXCLUSIVITY [DOCKET NO. 53]
AND (2) PETITION TO PERPETUATE TESTIMONY [DOCKET NO. 54]**

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

231 Bainbridge LLC ("Bainbridge"), by and through its counsel, hereby files these objections (the "Objections") to the requests of the above-captioned debtor (the "Debtor") (i) to extend exclusivity *nunc pro tunc* [Docket No. 53] and (ii) to perpetuate testimony [Docket No. 54]. Bainbridge incorporates by reference its (1) Claim No. 1 in this case and all attachments thereto, (2) motion to allow such claim [Docket No. 57] (the "Motion to Allow"), (3) motion to prohibit cash collateral [Docket No. 23], (4) limited objection to loss mitigation [Docket No. 34], and (5) motion to convert chapter 11 to chapter 7 [Docket No. 49]. In furtherance hereof, Bainbridge respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Bainbridge holds a fully secured claim in the amount of $1,176,517.94 against the Debtor with a recorded, first priority lien on the Debtor's multifamily building located at 231 Bainbridge Street, Brooklyn, NY 11233 [Block 1682, Lot 73] (the "Property"). The Debtor owns two other apartment buildings nearby for a total of 11 rental units. Since the petition date the Debtor has not made a single payment to Bainbridge on account of its claim. As a result, interest has accrued and the estate has slipped further into debt during the pendency of this case. The Debtor has not made any progress whatsoever on confirmation of a plan or a refinance to satisfy the amount due to Bainbridge and other claimholders. In the meantime, the Debtor is stockpiling Bainbridge's cash collateral. Estate cash deposits total about a half million dollars, which according to the bank statements accrues interest at 0.00%, all while debt accrues. Despite all of the foregoing reflective of mismanagement, the Debtor filed two frivolous motions to which Bainbridge must respond. One seeks a *nunc pro tunc* extension of exclusivity, which has no basis in law or fact. The other seeks to perpetuate testimony of witnesses and documents in a purported dispute that has not even been joined and where there is no allegation, in good faith or otherwise, that a failure to perpetuate such testimony or documents will result in a failure or delay of justice. Neither of the Debtor's requests for relief satisfies Rule 11 requirements.

2. The petition to perpetuate followed events outside of court after the last hearing. Without going into detail about what transpired in the hallway that day or the improper statements made in the Debtor's petition to perpetuate testimony, Bainbridge must report to the Court that courteous and professional efforts to resolve the disputes between the parties appear to be futile and not through any fault of Bainbridge or its

counsel. Any trust that was built up between the parties during Ms. Gordon-Oliver's tenure appear to be gone.

## OBJECTIONS

3. The Debtor has two requests for relief before this Court. Neither is meritorious and neither should ever have been filed.

**(1)** **Motion to Extend Exclusivity *Nunc Pro Tunc***

4. Rather than just filing a plan, the Debtor seeks a *nunc pro tunc* extension of exclusivity after the exclusive period admittedly expired without a timely extension request. First and foremost, there is no precedent for that kind of relief. The Debtor admits its exclusive period expired in August 2017 and no request was made to extend until November 29, 2017. (Mot. To Ext. Exclus. P. 4, ¶5.) Section 1121(d) of the Bankruptcy Code makes clear that an extension of exclusivity must be made within the respective time period. There is no allowance for *nunc pro tunc* relief. Undeterred, the Debtor relies on Rule 9006 of the Federal Rules of Bankruptcy Procedure. Rule 9006 may be relied upon where the Court already extended exclusivity and Rule 9006 permits it to extend the time period set forth in the Court's own order. That is not the case here. Accordingly, contrary to the pleading requirements of Rule 11 of the Federal Rules of Civil Procedure, neither motion filed presents a claim for relief that is "warranted by existing law or by an nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law." Fed.R.Civ.Pro. 11(b)(2). The relief sought cannot be granted under the law and the motion should never have been made.

5. Even if the request to extend exclusivity had been timely made, the Debtor does not present any meritorious factual argument for extension. Court's generally look at certain factors when considering a timely request to extend exclusivity including:

(1) The size and complexity of a debtor's case;

(2) The amount of time that has elapsed since the debtor filed its bankruptcy case;

(3) Whether unresolved contingencies exist that affect the debtor's ability to reorganize;

(4) The debtor's progress in resolving issues facing its estate; and

(5) Whether an extension of time will harm the debtor's creditors or other interested parties.

*See In re Dow Corning Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997). Here, the Debtor has not demonstrated how any of these factors, even if the request was timely, supported an extension. This case is not complex. It's a case based on real estate, rental income and mortgages. There are no novel issues here. We are more than nine months into the case and there has been no progress toward exiting chapter 11. There are no material contingencies that need to be resolved to exit chapter 11. The Debtor simply has to either find refinancing or sell property to satisfy claims. She has substantial equity to do so. There is a pending motion to allow Bainbridge's claim [Docket No. 57] and that matter should be resolved in a matter of weeks. Bainbridge, not the Debtor, took the initiative of bringing resolution of its claim before the Court. It is Bainbridge that is trying to move this case toward disposition, not the Debtor. Finally, given the pending meritless motions and no advancement of case dispositive issues, it is clear that a timely extension of exclusivity would only prolong delays in this case. If the Debtor's intent is to propose a 100-cent plan, the likelihood of a sustainable objection to the plan is remote at best. Thus, it is inexplicable why such a plan was not already filed. For all the foregoing reasons, even if the Debtor had timely requested an extension of exclusivity, it should not have been granted.

6. Finally, to the extent that the Debtor even offered an excuse for failure to timely request an extension sooner, such excuses should be rejected. First, the Debtor is quick to blame prior Debtor's counsel and suggest negligence. (Id. p. 10, ¶15.) This is a wholly unfair accusation against a reputable and experienced bankruptcy attorney when she is not around to defend herself. It is clear that a plan was not filed because no non-frivolous plan was in the offing before the exclusive period passed. If prior counsel did not feel she had a meritorious basis to move for an extension of exclusivity then she acted properly in not doing so. Debtor's counsel should never file a pleading and worry about whether it has a meritorious basis later. Rule 11 mandates that it have a meritorious basis when it is signed and filed with the Court. Second, to the extent that the Debtor has an issue with her prior counsel, the law is clear that clients are bound by the acts of their attorneys. *Mitchell v. Lyons Professional Services, Inc.*, 708 F.3d 463, 469 (2nd Cir. 2013). The Debtor has not alleged why she should not be so bound. Finally, and in any event, the Debtor remains free just like all creditors to file a plan. Rather than going through a motion to extend exclusivity and forcing parties to draft what is an obvious objection, the Debtor should have just filed her plan.

**(2)** **Petition to Perpetuate Testimony**

7. Next, the Debtor filed, under a non-existent case caption, a petition to perpetuate testimony. It is difficult to respond to such a petition and Bainbridge submits that such anticipated difficulty was part of the Debtor's purpose in filing such petition rather than utilizing normal discovery tools available under the Bankruptcy Rules and the Federal Rules of Civil Procedure. In fact, most of the complaints set forth in the petition arose and were disposed of in state court. (See Pet. To Perpet., pp. 3-5, ¶¶7 – 13.) Bainbridge will not reargue and this Court should not relitigate those matters here.

8. In the application/petition, the Debtor seeks (i) an examination of a record keeping vault located at the office of Bainbridge's state court counsel and (ii) depositions of numerous parties including an attorney of the Debtor in order to determine who holds the note. This request represents little more than harassment and Bainbridge submits is, in its form, sanctionable. First, the "vault" has nothing to do with this litigation and does not need to be examined. It's a vault, or a locked draw or a place of safekeeping where the note was kept. The level of security it provides, or its color, or whatever was intended here simply has nothing to do with the purported dispute, namely, the *noteholder*. As noted at the last hearing and in Bainbridge's Motion to Allow its claim, attorney Mark Kranz will be present in this Court on January 18, 2018 and he will have the original note endorsed in blank for examination. Notably, a copy of the note was attached to the proof of claim months ago. Yet, neither the Debtor nor either of her attorneys have ever expressed a specific concern with the note. Instead, we have heard vague oral references to purported concerns. There has not been a single written argument about this note to-date that would call into question Bainbridge's authority to make a claim based on it. Absent a contested matter or appropriate Court order, no discovery is even permitted concerning the note under the Federal Rules of Civil Procedure.

9. To the extent that the Debtor relies on Fed.R.Civ.Pro. 27, and by extension Bankruptcy Rule 7027, such reliance is misplaced as of the date hereof. Such rules apply in adversary proceedings and contested matters, neither of which is present in this case. To the extent one of those two conditions did apply, Rule 27 is to perpetuate testimony to "prevent a failure or delay of justice[.]" Rule 27(a)(3) Neither of those apply here since the note, the only real matter at issue, will be physically present in Court on January 18,

2018. There is no obstacle to bringing an action and no one who is known to be sick, dying, or potentially beyond the reach of this Court. Thus, there is no possible delay or potential failure of justice.

10. Next, to the extent that this Court determines that document examination or depositions are appropriate within the factual disputes here, such discovery must be taken in good faith and not by any means forbidden by law including solely to harass or for delay, or to create unnecessary expense, or for any other invalid purpose. Once a proper request for discovery is made, Bainbridge intends to examine its basis carefully and object if such request is for an improper purpose.

11. Finally, as part of the baseless allegations concerning Bainbridge, the Debtor claims its petition is a "means to name and serve a complaint regarding the irregularities committed in the handling of the mortgage loan." (Mot To Perpet., p. 2, ¶ 4.) First, there is no allegation that the mortgage was mishandled. Where and how has that allegation been made? To the extent there was such an allegation, the correct place and time to raise that issue was in the state court foreclosure matter when Bainbridge moved to be substituted in as plaintiff. In that case, Ms. Marshalleck and her state court counsel were served with the motion to substitute Bainbridge in as plaintiff. Ms. Marshalleck filed an objection. Over a year before this bankruptcy case began, the state court decided the matter in Bainbridge's favor. Over the Debtor's objections, the state court substituted Bainbridge as plaintiff. The Debtor and her new counsel clearly do not accept that decision and want to relitigate it here. It is a settled issue that Bainbridge is the noteholder, that it is the claimholder here and that it is plaintiff in the state court action. A true and correct copy of the order granting the motion to substituted Bainbridge as plaintiff is attached hereto as Exhibit A.

12.     Finally, and personally the most disturbing for undersigned counsel, the Debtor and her new counsel make patently false statements about Bainbridge. First, undersigned counsel knows who his client is and who the noteholder is—as the notice of appearance filed in this case makes clear. It is 231 Bainbridge LLC, the plaintiff in the state court foreclosure proceeding. The client is an entity not a person. This sort of wholly unsubstantiated innuendo that the Debtor improperly bakes into a pleading only serves to embroil the parties in their disagreements. Such conduct is wholly inconsistent with the manner in which undersigned counsel practices, usual practice of this bar, and the guidelines set forth in the Eastern District Administrative Order No. 568, "Adoption of New York State Standards of Civility,". Until this Court reigns in the disputes here, this case will never proceed to any form of consensual disposition.

## **RESERVATION OF RIGHTS**

13.     Bainbridge expressly reserves all of its rights, claims and defenses against the Debtor under the note and mortgage and submits that such note and mortgage remain in full force and effect during the bankruptcy case until this Court decides otherwise. Notwithstanding anything herein, Bainbridge further reserves the right to seek any other relief in this case it deems necessary and to assert further objections to this and any subsequent plans or relief sought by the Debtor.

14.     For all of the foregoing reasons, the Court should not enter a loss mitigation order unless and until Bainbridge's concerns set forth herein are addressed.

Dated: January 11, 2018    RAVERT PLLC
      New York, New York

By: /s/ Gary O. Ravert
    Gary O. Ravert
    116 West 23rd Street, Fifth Floor
    New York, New York 10011
    Tel: (646) 966-4770

Fax: (917) 677-5419

*Attorneys for 231 Bainbridge LLC*