**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Fifth Floor
New York, New York 10011
Tel: (646) 966-4770
Fax: (917) 677-5419

*Attorneys for 231 Bainbridge LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MARLENE MARSHALLECK<br>AKA MARLENE A. MARSHALLECK<br>AKA MARLENE E. MARSHALLECK,<br><br>*Debtor*. | Chapter 11<br><br>Case No. 17-42418 (NHL) |

**231 BAINBRIDGE LLC'S REPLY TO THE DEBTOR'S OPPOSITION TO 231
BAINBRIDGE LLC'S MOTION FOR SUMMARY JUDGMENT
WITH RESPECT TO (I) BAINBRIDGE'S MOTION TO ALLOW
CLAIM NO. 1 [DOCKET NO. 57] AGAINST THE DEBTOR, AND
(II) THE DEBTOR'S MOTION OBJECTING TO CLAIM NO. 1 [DOCKET NO. 64]**

As and for its reply to the Debtor's[1] objection (the "<u>Objection</u>") to Bainbridge's motion for summary judgment (the "<u>Motion</u>"), Bainbridge represents as follows:

**<u>REPLY</u>**

1. The Debtor routinely ignores Court-imposed filing deadlines and it must stop. There must be consequences when the Debtor disregards objection deadlines. The Debtor and her counsel believe they decide when a pleading is due, not this Court.[2] Their patent disregard for

---

[1] All capitalized terms used herein but not defined herein shall have the definition ascribed to them in 231 Bainbridge LLC's motion for summary judgment, associated pleadings and memorandum of law in connection therewith [Docket No. 89].

[2] In addition to the late filed objection to summary judgment, the Debtor filed at 9:18 pm last night three long overdue operating reports including November 2017 (3 months late); December 2017 (two months late) and January 2018 (one month late). February 2018, which was due two days ago is now also late.

deadlines crosses the line from a procedural abridgement of Bainbridge's rights to a substantive abridgement. This Court is bound to maintain a level playing field and an unintended bias results when the Court disregards the Debtor's breach of deadlines. This Court very clearly imposed an objection deadline of March 15, 2018 on the Debtor's response to the motion for summary judgment. A timely response would have given Bainbridge an opportunity for a thoughtful reply. The Debtor once again stole that from Bainbridge. The Debtor did the same thing when she failed to timely and substantively object to Bainbridge's motion to allow its claim, only to have the Debtor file a separate claim objection that reset the timing of everything to the Debtor's preferred schedule.

2. Here, the summary judgment objection deadline came and went without any objection. Instead of focusing on and timely responding to the sole issue on summary judgment—standing—an issue that has absolutely paralyzed this case, the Debtor instead purportedly fired her attorney just before the response was due. *See* Letter to Court from Debtor's counsel noting termination [Docket No. 94]. Yesterday afternoon, March 21, 2018, less than one day before the hearing on the Motion, the Debtor filed a letter saying he was reinstated [Docket No. 95] and followed that letter with the 11th hour Objection [Docket No. 96]. This Court should send a clear message to the Debtor that "litigation by ambush" strategy is not acceptable in this Court, is unprofessional, and such disregard for deadlines come with consequences. It is simply unfair to parties who actually comply with Court-ordered deadlines. It undermines this Court's authority and diminishes the respect parties have for these proceedings.

3. To the extent that the Court considers the Objection, it should wholly reject its contents. The Objection does not contest the undisputed facts or law that make this matter ripe for summary judgment. Instead, the Debtor contests the procedural device of a motion for summary judgment on the issue of standing. The Debtor is wrong about that. There are no

genuine issues of material fact here and, as provided for in Rule 56, the Court may determine as a matter of law based on the undisputed facts that Bainbridge has standing to enforce the Note and Claim No. 1 in this case.

4. Contrary to the Debtor's understanding of summary judgment motions, such motions are not only "filed after the conclusion of discovery[.]" They are also specifically permitted and indeed encouraged to avoid trial in cases where no discovery is needed because the case is document-based (such as with commercial paper like the promissory note at issue here) and the Court may rule as a matter of law based on the undisputed facts and, notably, state law (indeed the New York State Court of Appeals) agrees. *See generally* CPLR 3213 (motion for summary judgment in lieu of a complaint); *see also Interman Indus. Products, Ltd. v. R.S.M. Electron Power*, Inc., 332 N.E.2d 859, 862 (N.Y. 1975)(summary judgment in lieu of complaint is the correct procedural device for suits involving varieties of commercial paper including promissory notes)(numerous internal cites omitted referencing other cases involving promissory notes); *see also* Rule 902(9) of the Federal Rules of Evidence (commercial paper is self-authenticating under the Federal Rules of Evidence). In fact, FRCP 56 is silent as to the requirement of conducting discovery. Rule 56 simply states that "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." It does not say full discovery is required, nor would it make any sense to require that in every case, particularly matters concerning commercial paper.

5. Bainbridge has demonstrated that no discovery is needed here to rule on standing. Bainbridge filed a statement of undisputed (the "<u>Undisputed Facts</u>") [Docket 89-2] facts along with its Motion. Those Undisputed Facts were supported by citations to admissible evidence in the form of a sworn statement of Elliot Frankel [Docket No. 89-1] and true and correct copies of

documents attached thereto.  Under the Local Rules of Bankruptcy Procedure for the Eastern District of New York (the "Local Rules"), every fact referenced therein was deemed admitted when the Debtor did not contest such facts with contrary facts and citations to admissible evidence.  Local Rule 7056-1 of the makes that clear.  Local Rule 7056-1 provides in relevant part that:

> The opposition to a motion for summary judgment ***shall include a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried***. *All material facts set forth in the statement* required to be served *by the moving party will be deemed to be admitted by the opposing party unless controverted* by the statement required to be served by the opposing party. *Each statement of material fact by a* movant or *opponent must be followed by citation to evidence which would be admissible*, set forth as required by Federal Rule of Civil Procedure 56(e).

(emphasis added); s*ee also Holtz v. Rockefeller & Co.,* 258 F.3d 62, 73 (2d Cir. 2001)*; Millus v. D'Angelo,* 224 F.3d 137, 138 (2d Cir. 2000); *In re Sultan Realty, LLC*, 2012 WL 6681845, *4 (Bankr. S.D.N.Y. 2012).  Under the similar Local Rules for the Southern District of New York, the United States Bankruptcy Court in *Sultan Realty* found that a party opposing summary judgment must submit a statement controverting those material facts that it contends are disputed and include a citation to admissible evidence that supports or controverts the undisputed nature of material fact.  *Sultan Realty*, 2012 WL 6681845, *4.  In *Sultan*, the party opposing summary judgment failed to specifically controvert the statement of undisputed facts in the Rule 7056-1 statement.  *Id.*  The *Sultan* court therefore deemed admitted the undisputed facts in the movants 7056–1 statement and granted summary judgment.  This Court should as well.

6. Specifically, the Undisputed Facts here state that Bainbridge was tendered and took physical possession and delivery of the note endorsed in blank and held that note since 2015, long before Claim No. 1 was filed in this case. (*See* Undisputed Facts at ¶¶ 1, 3, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, 18, 19, 21.)  Each and everyone one of those facts is now deemed admitted.

Under state law and in this Court, that is all that Bainbridge is required to show to demonstrate standing. Even putting aside the Debtor's failure to timely object, this Court does not need any further facts to enter judgment as a matter of law in favor of Bainbridge on the issue of standing. Those facts, together with the clear controlling law set forth in the Memorandum of Law in Support of Summary Judgment, which law was also not contested (and will not be repeated here), are sufficient for this Court to grant summary judgment here. *See* Mem. Of Law ¶¶ 24-32. Moreover, the Note, as commercial paper, is self-authenticating under Rule 902(9) of the Federal Rules of Evidence thereby obviating the need to even have a witness authenticate it. *See* Fed.R.Evid. 902(9) ("The following items of evidence are self-authenticating [and] require no extrinsic evidence of authenticity in order to be admitted: *Commercial Paper and Related Documents*. Commercial paper, a signature on it, and related documents, to the extent allowed by general commercial law."); *see also Interman Indus. Products, Ltd. v. R.S.M. Electron Power*, Inc., 332 N.E.2d 859, 862 (promissory note as species of commercial paper) (internal cites omitted).

## **CONTINUED RESERVATION OF RIGHTS ON LEGAL FEES AND RELATED MATTERS**

7. Bainbridge reserves the right and intends to seek postpetition legal fees, expenses and interest until Bainbridge's involvement in this matter is resolved on a final, non-appealable basis.

## **CONCLUSION**

In sum, Bainbridge hereby requests an order (i)(a) finding Bainbridge has standing to enforce the Note, (b) granting the Motion to Allow to the extent of, and solely to the extent of, a finding that Bainbridge had standing to enforce the Note without prejudice to any other relief sought therein, and (c) denying the Claim Objection to the extent it challenges

Bainbridge's standing in this case to enforce the Note, and (ii) granting such other and further relief as is just and proper.

Dated: March 22, 2018
       New York, New York

RAVERT PLLC

By: /s/ Gary O. Ravert
    Gary O. Ravert
    116 West 23rd Street, Fifth Floor
    New York, New York 10011
    Tel: (646) 966-4770
    Fax: (917) 677-5419

*Attorneys for 231 Bainbridge LLC*