UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X **Case No. 17-42418 (NHL)**
In re:

**MARLENE A. MARSHALLECK**                    Chapter 11


                            Debtor.
-------------------------------------------------------------X

## RESPONSE TO THE MOTION TO LIFT THE AUTOMATIC STAY

Marlene A. Marshalleck, the debtor and the debtor in possession responding to the motion of 231 Bainbridge LLC and Elliot Frankel ("Movants") posits as follows:

This motion should be denied, as the state court already ruled on the issues raised here. The state court found that there is no stay barring the debtor lawsuit against the movants and that the counterclaims asserted by the movant do not apply the underlying lawsuit. **Ex. A.**

The debtor on or about December 23, 2015 commenced a proceeding against the movants with the Supreme Court of the State of New York, Kings County by filing a verified Complaint, **Ex. B.,** (the "Complaint") alleging abuse of process, malicious prosecution, tortious interference with contract, deceit, concert of action and asking for punitive damages. The basis of the Complaint was simple: the movants commenced an eviction proceeding against the tenants and the debtor claiming themselves as the landlord of the 231 Bainbridge Street, Brooklyn, New

1

York ((the "Property"). This eviction proceeding was premised on some specious undertaking or assumption by the movant, that they are in-fact the landlord by virtue of being "Mortgagee in Possession." However, in fact they never had the possession of the property. The property is and was always with the debtor. Attached is the Complaint that goes in details.

The Complaint came up before the State Court judge for summary judgement etc., however the movants attempted to wriggle out of the continued prosecution against stating that there was stay in place. The state court judge disagreed with the movants. The movants in their filed Answer, **Ex. C.,** had claimed some counterclaims. Now, before the state court they argued that they want to assert counterclaims and that the same could not be done, as they are barred by the bankruptcy filing of the debtor. However, the State Court judge dismissed those counterclaims, stating that the counterclaims were not properly asserted and did not apply to the subject matter of the debtor's pending lawsuit. Attached is the letter of Ed King explaining the situation as well as the copy of the state court order. **Ex. A.** The state court denied the issue of stay. She found that the stay did not apply. Thus, in a way the movants are asking the court to overrule the state judge ruling, establish a stay indirectly by asking the court to lift the stay. So, the court must deny the stay relief on that very basis as being redundant or moot. This Court cannot revisit that.

> A proceeding to determine whether the automatic stay applies to a prepetition state court action is a proceeding under 28 U.S.C. § 1334(b) which

2

> arises in or is related to a bankruptcy case and, absent a provision in 11 U.S.C. § 362 or 28 U.S.C. § 157 depriving state courts of jurisdiction, the state courts have concurrent jurisdiction to decide the issue of whether the State Court has subject matter jurisdiction to hear the matter.

*In re Siskin,* 258 B.R. 554, 566 (Bankr. E.D.N.Y. 2001). "A District Court in the Southern District of New York affirmed a Bankruptcy Court decision holding that a New York Bankruptcy Court is bound by the determination of a New Jersey State Court that the automatic stay did not apply to a capias writ and was barred from relitigating that claim in federal court because the New Jersey court had concurrent jurisdiction with the Bankruptcy Court to determine the applicability of the automatic stay. *See In re Bona,* 124 B.R. 11 (S.D.N.Y.1991) (Stanton, D.J.)." *Id*.n.1.

The issue before the state court in the pending lawsuit is simple, if 231 Bainbridge Street, LLC and its officers improperly claimed themselves as landlord, thereby attracting such penalties etc. as alleged in the Complaint.

Thus, since the state court judge already ruled that the counterclaims by the movants were improper and stay did not apply to the continued prosecution of the action by the debtor, this Court does not have anything to rule on. Now with the state court having ruled, there is no article III case of controversy before this court on that front now. Article III of the Constitution confines the federal courts to the adjudication of actual "cases" or "controversies." The case or controversy requirement embraces "the idea of separation of powers. on which the Federal Government is founded . . . " *Allen v. Wright,* 468 U.S. 737, 750 (1984). The various doctrines that give content to the case or controversy requirement of Article III,

including standing, mootness, and ripeness, are "founded in concern about the proper-and properly limited-role of the courts in a democratic society." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Thus, we do not find anything substantial in this motion of the movant and therefore it must be denied in all aspects.[1]

Wherefore the motion be denied.

Dated: May 21, 2018
New York NY                                                             /s/_____
                                                                                    Karamvir Dahiya

---

[1] The debtor is also moving fast towards the sale of the property. The brokers are actively marketing the property and the undersigned shall be filing very shortly a motion to approve the sale bidding procedure and conclude the case with the confirmation of the Chapter 11 plan.