Hearing Date: May 24, 2018 at 11:00 am<br>
Re ECF Nos. 111, 112, 113, 117

**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Fifth Floor
New York, New York 10011
Tel: (646) 966-4770
Fax: (917) 677-5419

*Attorneys for 231 Bainbridge LLC and Elliot Frankel*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MARLENE MARSHALLECK<br>AKA MARLENE A. MARSHALLECK<br>AKA MARLENE E. MARSHALLECK,<br><br>*Debtor*. | Chapter 11<br><br>Case No. 17-42418 (NHL) |

**REPLY OF 231 BAINBRIDGE LLC AND ELLIOT FRANKEL TO OBJECTION OF DEBTOR TO MOTION FOR STAY RELIEF TO ASSERT AND HAVE DETERMINED CLAIMS AND DEFENSES IN STATE COURT PROCEEDING**

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

231 Bainbridge LLC and Elliot Frankel ("<u>Movants</u>"), by and through their counsel, hereby reply to the objection of the above-captioned debtor to Movant's motion for stay relief to permit the Movants to assert and have determined their state law rights against the Debtor in that certain state court action Index No. 15118/2015 pending in New York State Supreme Court for Kings County (the "<u>State Court Action</u>").

**REPLY**

1.  Movants are confused by the Debtor's opposition to limited stay relief under the circumstances. The only conclusion that Movants can reach about the Debtor's opposition is that the Debtor seeks to lay a trap for Movants if they prevail on defenses and counterclaims in the

State Court Action. It was the Debtor that sued the Movants. That suit is for $50 million. Movants must have the unfettered ability to defend themselves and assert counterclaims. It is the Debtor that has continued litigating this State Court Action all throughout this chapter 11 proceeding. It was the Debtor that failed to timely remove that action to this Court and it is the Debtor that claims no stay bars *her* from proceeding with the State Court Action. Yet, the Debtor resists stay relief for the sole purpose of Movants asserting defenses and counterclaims in that State Court Action. To be crystal clear, the stay relief motion does not seek any enhancement or expansion of Movants' state law rights or any abridgement of the Debtor's state law rights. It simply seeks an order, a comfort order if the Debtor is correct that there is no stay, reflecting that to the extent the automatic stay arising under section 362(a) is implicated, that it is lifted for the sole purpose of asserting defenses and counterclaims in the State Court Action. There is simply no rational basis for the Debtor to resist this relief.

2.  For the record, much has been said about the order entered on May 3, 2018 in the State Court Action. The Debtor attached an illegible copy but failed to set forth the text of that, sadly typical, hand written state court order. The full text of the order is set forth below and such transcription of same should have been included in the Debtor's opposition attaching the order. It reads:

> It is hereby ordered as follows: Motion by defendant to change venue is denied. Motion by defendant to dismiss is denied. Cross-motion by plaintiff to extend service of summons and verified complaint and for alternate service is granted to the extent that plaintiff shall serve a copy of the summons and verified complaint by overnight mail at the address listed by Jason M. Green on his attorney registration maintained by the office of court administration within 10 days. That branch of the cross-motion which seeks the appointment of counsel pursuant to

CPLR 321(A) is granted on consent. Cohen & Green, P.C. shall appear by counsel. That branch of the cross-motion seeking Summary Judgment is adjourned until May 31, 2018 at 9:30 a.m. Defendant Cohen & Green, P.C. and Jason M. Green may submit further opposition to Plaintiff's Summary Judgment motion, such opposition to be served on or before May 17, 2018. Reply by plaintiff may be served by email on consent on or before May 30, 2018. Application by 231 Bainbridge LLC and Elliot Frankel for a stay of the state court proceeding because of a bankruptcy filing by plaintiff is denied.

### CONTINUED RESERVATION OF RIGHTS

3. In an effort to resolve this matter, Movants circulated a proposed stipulation of limited stay relief in an effort to avoid coming to court on the motion for stay relief. The proposal was flatly rejected by the Debtor. Accordingly, the objection became necessary and this reply and a court appearance. 231 Bainbridge continues its oft-stated reservation of rights, about which this Court has reminded the Debtor, to seek its legal fees in this case.

**WHEREFORE**, Movants respectfully request that the Court (i) grant the motion for limited stay relief solely for the purpose of Movants asserting their state court rights in the State Court Action, including but not limited to assertion of defenses and counterclaims, and (ii) grant Movants such other and further relief as the Court deems just and proper.

Dated: May 23, 2018　　　　　　　　　RAVERT PLLC
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　By: /s/ Gary O. Ravert
　　　　　　　　　　　　　　　　　　　　　Gary O. Ravert
　　　　　　　　　　　　　　　　　　　　　116 West 23rd Street, Fifth Floor
　　　　　　　　　　　　　　　　　　　　　New York, New York 10011
　　　　　　　　　　　　　　　　　　　　　Tel: (646) 966-4770
　　　　　　　　　　　　　　　　　　　　　Fax: (917) 677-5419

　　　　　　　　　　　　　　　　　　　*Attorneys for 231 Bainbridge LLC and Elliot Frankel*