**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X Case No. 17-42418 (NHL)
In re:

**MARLENE A. MARSHALLECK**                    Chapter 11


                              Debtor.
-------------------------------------------------------------X

**REPLY TO 231 BAINBRIDGE LLC'S OBJECTION TO DEBTOR'S APPLICATION TO RETAIN EDWARD KING NUNC PRO TUNC AS STATE COURT COUNSEL**

The debtor, Marlene Marshalleck responding to the objection of 231 Bainbridge LLC objection submit as follows:

1. The objector, 231 Bainbridge LLC is a potential judgment debtor ("PJDs") who has done every possible thing to oust the debtor from her home, destroy her relationship with her tenants, filed paperwork with the state court in violation of the mail and wire fraud laws, 18 U.S.C. §§ 1341 and 1343. The objector and its teams were caught for that mischief and the debtor brought a plenary proceeding in the state court for relief against PJDs' atrocious act-- *MARLENE MARSHALLECK, Plaintiff, v. 231 BAINBRIDGE LLC; ELLIOT FRANKEL, GREEN & COHNE P.C., JASON M. GREEN, Defendants,* in the Supreme Court of the State of New York, Kings County, Index No. 15118/2015 (the "State Court Action"). Edward King was retained by the debtor to represent her.

2. During this time, owing to the foreclosure action, a distinct proceeding, the debtor filed for Chapter 11 protection. After the filing of the bankruptcy, Ms. Marshalleck has not paid a single penny to Mr. King.

3. The PJDs have suddenly become very conscientious participants of a legal process, a far

1

cry from what they have done so far. After having claimed and filing notorious ownership papers in the state court to remove the debtor from her home, they invoked the same nefarious subterfuge to gain removal time afresh ((removing state proceeding to this Court). This Court could see it and took cognizance of the same. This objection comes with the same hubris or rather ignorance.

4. The instant objection is laced with some specious and misleading rhetoric. The PJDs opposing the nunc pro tunc relief for retention of Mr. King ratchet up their strange objection: "It is an equitable remedy and the Debtor has unclean hands in how she handled Mr. King's relationship to this case, payment of him and the failure to disclose for more than one year the existence of the state court proceeding." PJDs' Obj. ¶ 1.

5. It just cannot be that PJDs did not know about the state court proceedings, when they have filed pleadings in the state court and actively participated therein in the conferences? It belies any simplicity of expression, impression or perception. Mr. King has not been paid after the filing of the bankruptcy. No major event took place in the state court after the filing of the bankruptcy. The PJDs sleight with the laws, objections does not hold meaning. There is something else that is unfolding here, a simple perception resolves the so called litigation strategies of the PJDs. They just do not want Mr. King to represent the debtor and to that they lack standing. True, pursuant to section 541 there is a estate here. And 231 Bainbridge LLC is a creditor (disputed though). Being a creditor alone, does not provide standing vis-à-vis all aspects of the estate. *One,* all creditors are secured; *second*, there is no article III injury to the PJD, and' *third,* debtor has a constitutional right to have an attorney of her choice, it cannot be denied.

6. The PJDs have failed to show any injury to gain a standing regarding retention of Mr. King, in light of the fact that the debtor do need an attorney. That "injury in fact" is missing in their objection. *Ass'n of Data Processing Serv. Orgs. v. Camp*, 397 U.S. 150, 152 (1970) ("The first

question is whether the plaintiff alleges that the challenged action has caused him injury in fact, economic or otherwise."). The PJD must show what their injury is. *McConnell v. FEC*, 540 U.S. 93, 225 (2003) ("One element of the 'bedrock' case-or-controversy requirement is that plaintiffs must establish that they have standing to sue. . . . [W]e have reiterated . . . that . . . . a plaintiff must demonstrate an 'injury in fact' . . . ." (citations omitted)). The PJD must come up with an injury that is "concrete and particularized." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 576-78 (1992). A real injury, not even a statutory injury—it should be tangible. A 'concrete' injury must be '*de facto*'; that is, it must actually exist. . . . [It must be] 'real,' and not 'abstract.' *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). PJD fails to show any injury. It is true Mr. King would be an administrative claimant, but that would not impact the PJD at all—they are secured.

8.      No doubt that title 11 might provide some statutory standing ( as this court made an observation), however that is not enough. See *Spokeo*, not extending standing article III standing even though standing granted under the congressional act, Fair Credit Reporting Act (FCRA).

PJDs further uses this technique (of objecting to the estate retention) to deprive Ms. Marshalleck of her right to chose an attorney of her choice. The debtor wants Mr. King to represent here, neither PJD could object, nor can this right be denied, as it has a constitutional protection. *United States v. Gonzalez-Lopez*, 48 U.S. 140, 146, 152 (holding that erroneous deprivation of choice of counsel requires automatic reversal without any need for harmless error analysis - that is, violation of choice of counsel is "complete" whenever a defendant's chosen advocate is improperly disqualified*). Gonzales-Lopez* at 147-148 (stating that choice of counsel is "the root meaning of the constitutional guarantee"). See also, *Goldberg v. Kelly* 397 U.S. 254 (1970) (holding while government need not itself provide welfare recipients with publicly financed

counsel at pre-termination hearings, government cannot deny recipients the right to secure for themselves the representation of counsel). Right to Counsel of choice is a part of due process.

9.  The bottom line is that professionals must be both disinterested and not hold or represent any interest adverse to the estate to be employed under section 327(a). *Vouzianas v. Ready & 9 Pontisakos* (*In re Vouzianas*), 259 F.3d 103, 107 (2d Cir. 2001) (citing B*ank Brussels Lambert v. Coan* (*In re AroChem Corp.*), 176 F.3d 610, 621 (2d Cir. 1999)).  Mr. King fulfills all requirements. The PJDs have pointed to anything substantive, but  are just sore and would not want the debtor "seek[] to correct a past mistake by seeking to annul same by *nunc pro tunc* relief." But that grievance is misplaced. First, there is no past mistake, second, it is an omission and that is precisely what nunc pro tunc is supposed to accomplish--to do now what could have been done in the past.  "When a matter is adjudicated *nunc pro tunc,* it is as if it were done as of the time that it should have been done." *Edwards v. I.N.S.,* 393 F.3d 299, 308 (2d Cir. 2004). Bankruptcy Code does not bar such a relief for retention of professional.  Thus, "[w]here *nunc pro tunc* relief is not barred by statute, courts have defined the circumstances in which it is appropriate to award such relief in broad and flexible terms. Thus, courts have suggested that *nunc pro tunc* relief "should be granted or refused, as justice may require,". . . . *Id* at 310 (quoting *Mitchell v. Overman,* 103 U.S. 62, 65, 26 L.Ed. 369 (1882). Justice requires that Mr. King be approved now to conclude the State Court Case proceeding.

Wherefore, Mr. Edward King appointment be approved on an nunc pro tunc basis from the commencement of this case.

Dated: July 21, 2017

/s/_____
Karamvir Dahiya